FILED
MAY - 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARET ANN HUDERT, PERSONAL *
REPRESENTATIVE OF THE ESTATE
OF JOSEPH HUDERT, et al. *

    PLAINTIFFS *

vs. *

UNITED STATES OF AMERICA
    *
  Serve: The Attorney General
      The Honorable Alberto Gonzales *
      Department of Justice
      Room B-112
      10th and Constitution Avenue
      Washington, D.C. 20530

CASE NUMBER 1:06CV00834

JUDGE: John D. Bates

    DEFENDANT

DECK TYPE: Personal Injury/Malpract:

DATE STAMP: 05/05/2006

\* \* \* \* \* \* \*

## COMPLAINT AND PRAYER FOR JURY TRIAL

NOW COME Plaintiffs, Margaret Ann Hudert, as Personal Representative of the Estate of Joseph Hudert, Elizabeth Hudert as Primary Beneficiary of the Estate of Joseph Hudert, and Anthony Joseph Hudert as Primary Beneficiary of the Estate of Joseph Hudert, by their attorneys, Ronald S. Landsman, Esquire, Samuel J. Pace, Jr., Esquire, and Michael H. Burgoyne, Esquire, and sue Defendant United States of America (hereinafter "USA"),and states as follows:

### FACTS COMMON TO ALL COUNTS

1. That Plaintiffs are, and at all relevant times herein, residents of Anne Arundel County, State of Maryland.

2. That on September 10, 2004, Plaintiffs sent a notice of claim to the D.C.

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202

410-752-4220

Office of Risk Management advising of their claim against the District of Columbia, including the District of Columbia Water and Sewer Authority (hereinafter "DCWASA").

3. That on November 1, 2004, the D.C. Office of Risk Management advised Plaintiffs that their claims were denied.

4. That the DCWASA provides retail water and wastewater services to residential and commercial customers in the District of Columbia.

5. That at all times material hereto, Grunley-Walsh and Alion, were acting pursuant to contracts with the United States General Services Administration (hereinafter "GSA") to replace the steam condensation system running under 17th Street, NW, Washington, D.C.

6. That pursuant to contracts with GSA, Grunley-Walsh requested and was granted a permit from DCWASA to perform certain work to domestic water lines under DCWASA authority along 17th Street, NW, Washington, D.C.

7. That DCWASA retained control of all valves and fittings and controlled water flow throughout the system to be modified by the above-referenced work.

8. That Defendant, Grunley-Walsh, hired Cherry Hill Construction, Inc., the employer of Plaintiffs' decedent, Joseph Hudert, as a subcontractor to excavate and perform other services in connection with the aforementioned contracts.

9. That Joseph Hudert sustained fatal injuries, including horrific burns, as a result of an incident that occurred on April 23, 2004 at approximately 8:45 a.m. at a construction site at or near 808 17th Street, NW, Washington, D.C. 20006.

10. That Joseph Hudert died on May 3, 2004 as a result of profound injuries including sepsis, thermal body burns and scalding, all of which occurred on April 23, 2004.

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202
410-752-4220

11. That all times material hereto, Defendant, acting through its agents, servants and/or employees, who were acting within the scope and in the course of their agency and employment, had the duty to know, observe, enforce and implement various rules and regulations promulgated by OSHA and/or the District of Columbia and/or contained in various applicable contracts pursuant to which they should have provided Joseph Hudert with a "safe place to work."

12. That upon information and belief, the death and suffering of Decedent, Joseph Hudert, was caused by actions and/or failures to act of the Defendant, including, but not limited to, the following:

A. Failure to properly monitor the job site to anticipate, prevent and/or avoid any unsafe conditions such as the conditions which caused the injuries and death to Joseph Hudert;

B. Failure to properly monitor and observe the job site for compliance with all appropriate safety rules and regulations as required by all applicable and pertinent contract documents and/or OSHA regulations and/or laws and codes of the District of Columbia;

C. Failure to assure an appropriate training program on the job site;

D. Failure to assure a proper warning program on the job site;

E. Failure to take all necessary steps to assure that the area in or near manhole 11 was safe for access by personnel working on the job, including but not limited to, Joseph Hudert.

F. Failure to assure that appropriate steps were taken to shut down all appropriate water and steam lines to provide a safe place to work for Joseph Hudert and other individuals working at or near manhole 11;

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202
410-752-4220

3

  G. Failure to take all appropriate steps to assure that conditions within manhole 11 were safe;

  H. Failure to perform an appropriate job hazard analysis and/or job safety analysis which, had they been performed, would have prevented the injuries and death of Joseph Hudert;

  I. Failure to implement and enforce an appropriate confined space entry program;

  J. Failure to implement and enforce an appropriate site-specific safety program;

  K. Failure to arrange and/or request an appropriate steam outage in manhole 11 which would have prevented the injuries and death of Joseph Hudert;

  L. Failure to properly instruct and/or warn Joseph Hudert that the area around manhole 11 was unsafe and dangerous;

  M. Negligently and carelessly causing the opening of the steam service valve in manhole 11 which provided steam to the New Executive Office Building.

  N. Negligently repairing and replacing components of the steam and condensation lines and/or failing to communicate the need to immediately repair and replace the dangerous and hazardous components that they did not repair or replace but which they worked in close proximity to, and observed said conditions.

  O. Negligently releasing the 20 inch water line for work without determining that water flow was shut off, and at a location substantially different than where agreed to by those performing the work. As a result, large quantities of water were released.

  13. That Defendants had a duty to exercise control and direction over the job site and the injuries and death of Joseph Hudert would not have occurred absent their

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202
410-752-4220

negligent actions and failures to act.

14. That as a direct result of the aforesaid negligence, Joseph Hudert died on May 3, 2004.

15. Subject matter jurisdiction is founded on the existence of a federal question under 28 U.S.C. § 1331, as the claims against the United States of America arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671.

16. That Standard Form 95, Claim for Damage, Injury, or Death was submitted to the United States General Services Administration on behalf of all Plaintiffs.

17. That counsel for the Plaintiffs were notified by letter, dated November 4, 2005, that the claims were denied by the United States General Services Administration.

18. That pursuant to 28 U.S.C. § 2401 this Complaint has been filed naming the United States of America as a Defendant, before the expiration of the six months after the date of the final denial of the claim.

19. That Defendant USA owned, designed, operated, and maintained the steam system running under 17th Street, NW, Washington, D.C., that was subject to various construction contracts among and between the various defendants.

20. That Defendant USA controlled the performance of contractors, and day-to-day operations of the steam system at issue.

21. That portions of the steam system failed to meet applicable life, safety, building and/or construction codes.

22. That components of the steam system, including a field fabricated drip leg was found to have failed causing a steam explosion.

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202

410-752-4220

5

## COUNT I - SURVIVAL ACTION

23. That Plaintiff, Margaret Ann Hudert, as Personal Representative of the Estate of Joseph Hudert, hereby incorporates by reference the allegations contained in Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. That as a direct and proximate result of the various actions and failures to act of Defendant USA as described above, Joseph Hudert sustained serious bodily injuries, suffered great pain of body and mind, suffered mental and emotional distress, was required to spend great sums of money for medical care, treatment and related items, suffered loss of income and earning capacity and, as a result of his death, the Estate of Joseph Hudert incurred expenses for his funeral and burial and other miscellaneous expenses.

25. That the accident and injuries resulting to Joseph Hudert were caused by the negligence and want of due care on the part of Defendant USA with no negligence on the part of Decedent, Joseph Hudert, thereunto contributing.

**WHEREFORE,** Plaintiff, Margaret Ann Hudert as Personal Representative of the Estate of Joseph Hudert, demands judgment against Defendant USA in the sum of $20,000,000.00, plus interest, costs and such other and further relief as this Court may deem necessary and proper.

## COUNT II - WRONGFUL DEATH ACTION FOR MARGARET ANN HUDERT

26. That Plaintiff, Margaret Ann Hudert, as Personal Representative of the Estate of Joseph Hudert, hereby incorporates by reference the allegations contained in Paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

27. That Plaintiff, Margaret Ann Hudert. is the wife and primary beneficiary of

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202
410-752-4220

Joseph Hudert and his surviving heir and proper beneficiary of the Decedent.

28.     That Joseph Hudert died on May 3, 2004 as a result of the negligence and carelessness of the Defendant USA. As a direct and proximate result of Defendant USA's negligence in causing the death of Joseph Hudert, Plaintiff, Margaret Ann Hudert, sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, loss of filial care, attention, advice, counsel, training, guidance and other miscellaneous expenses.

**WHEREFORE,** Plaintiff, Margaret Ann Hudert, as a primary beneficiary of Joseph Hudert, demands judgment against Defendant USA in the sum of $20,000,000.00 plus interest, cost and such other and further relief as this Court may deem necessary and proper.

### COUNT III - WRONGFUL DEATH ACTION
### FOR ELIZABETH HUDERT

29.     That Plaintiff, Elizabeth Hudert, as a primary beneficiary of the Estate of Joseph Hudert, hereby incorporates by reference the allegations contained in Paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30.     That Plaintiff, Elizabeth Hudert, is a primary beneficiary in this action and was the natural born child of Decedent, Joseph Hudert.

31.     That as a direct and proximate result of Defendant USA's negligence in causing the death of Joseph Hudert, Plaintiff, Elizabeth Hudert, sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, loss of filial care, attention, advice, counseling, training, guidance and other miscellaneous expenses.

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202

410-752-4220

**WHEREFORE,** Plaintiff, Elizabeth Hudert, as a Primary Beneficiary of the Estate of Joseph Hudert, demands judgment against Defendant USA in the sum of $20,000,000.00, plus interest, costs and such other and further relief as this Court may deem necessary and proper.

### COUNT IV - WRONGFUL DEATH ACTION
### FOR ANTHONY J. HUDERT

32. That Plaintiff Anthony J. Hudert as Primary Beneficiary of the Estate of Joseph Hudert, hereby incorporates by reference the allegations contained in Paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33. That Plaintiff Anthony Joseph Hudert is a primary beneficiary and natural born child of Decedent, Joseph Hudert.

34. That as a direct and proximate result of Defendant USA's negligence in causing the death of Joseph Hudert, Plaintiff Anthony J. Hudert sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, loss of filial care, attention, advice, counsel, training, guidance and other miscellaneous expenses.

**WHEREFORE,** Plaintiff Anthony Joseph Hudert demands judgment against Defendant USA in the sum of $20,000,000.00 plus interest, costs and such other and further relief as this Court may deem necessary and proper.

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202

410-752-4220

Respectfully submitted,

*/s/ Ronald S. Landsman*

RONALD S. LANDSMAN, ESQUIRE
(Bar No. 426091)
MICHAEL H. BURGOYNE, ESQUIRE
(Bar No. 439610)
The Sophmar Building
Six East Mulberry Street
Baltimore, Maryland 21202
(410) 752-4220
Attorneys for Plaintiffs

*/s/ Samuel J. Pace*

SAMUEL J. PACE, JR., ESQUIRE
Dugan Brinkmann Maginnis and Pace
1880 John F. Kennedy Boulevard, Suite 1400
Philadelphia, Pennsylvania 19103
(215) 563-3500
Attorney for Plaintiffs

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202

410-752-4220

9

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET ANN HUDERT, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH HUDERT, et al. | * |
| PLAINTIFFS | * |
| vs. | * |
| UNITED STATES OF AMERICA | * |
| Serve: The Attorney General<br>The Honorable Alberto Gonzales<br>Department of Justice<br>Room B-112<br>10th and Constitution Avenue, NW<br>Washington, D.C. 20530 | * |
| DEFENDANT | *   Case No.: |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### REQUEST FOR JURY TRIAL

Clerk:

Plaintiffs requests that the above case be tried before a jury.

Respectfully submitted,

_[signature]_

RONALD S. LANDSMAN, ESQUIRE
The Sophmar Building
Six East Mulberry Street
Baltimore, Maryland 21202
(410) 752-4220
Attorney for Plaintiffs

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202

410-752-4220

*[signature: Samuel J. Pace]*
SAMUEL J. PACE, JR., ESQUIRE
Dugan Brinkmann Maginnis and Pace
1880 John F. Kennedy Boulevard, Suite 1400
Philadelphia, Pennsylvania  19103
(215) 563-3500
Attorney for Plaintiffs

LAW OFFICES
RONALD S. LANDSMAN
THE SOPHMAR BUILDING
SIX EAST MULBERRY STREET
BALTIMORE, MD. 21202

410-752-4220