UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARGARET ANN HUDERT, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH HUDERT, et al.** | * | |
| | * | |
| **PLAINTIFFS** | * | |
| vs. | * | |
| **UNITED STATES OF AMERICA** | * | |
| and | * | |
| **CONSOLIDATED ENGINEERING SERVICES, INC.** | * | |
| Serve On: | * | |
| Corporation Service Company | | |
| 1090 Vermont Avenue | * | Case No.: 06-0834-RBW |
| Washington, D. C.  20005 | | |
| | * | |
| and | | |
| | * | |
| **DAY & ZIMMERMANN GROUP SERVICES, INC.** | * | |
| Serve On: | | |
| The Corporation Trust, Inc. | * | |
| 300 East Lombard Street | | |
| Baltimore, Maryland 21202 | * | |
| **DEFENDANTS** | * | |
| * * * * * * | * * * * * * | |

**FIRST AMENDED COMPLAINT AND PRAYER FOR JURY TRIAL**

NOW COME Plaintiffs, Margaret Ann Hudert, as Personal Representative of the Estate of Joseph Hudert, Elizabeth Hudert as Primary Beneficiary of the Estate of Joseph Hudert, and Anthony Joseph Hudert as Primary Beneficiary of the Estate of Joseph Hudert, by their attorneys, Ronald S. Landsman, Esquire, Samuel J. Pace, Jr., Esquire, and Michael H. Burgoyne, Esquire, and sues Defendants, United States of America (hereinafter

"USA"), Consolidated Engineering Services, Inc., and Day & Zimmermann Services, Inc., jointly and severally, and states as follows:

## FACTS COMMON TO ALL COUNTS

1. That, Plaintiffs are, and at all relevant times herein, residents of Anne Arundel County, State of Maryland.

2. That, on September 10, 2004, Plaintiffs sent a notice of claim to the D.C. Office of Risk Management advising of their claim against the District of Columbia, including the District of Columbia Water and Sewer Authority (hereinafter "DCWASA").

3. That on November 1, 2004, the D.C. Office of Risk Management advised Plaintiffs that their claims were denied.

4. That the DCWASA provides retail water and wastewater services to residential and commercial customers in the District of Columbia.

5. That at all times material hereto, Grunley-Walsh and Alion, were acting pursuant to contracts with the United States General Services Administration (hereinafter "GSA") to replace the steam condensation system running under 17th Street, NW, Washington, D.C.

6. That pursuant to contracts with GSA, Grunley-Walsh requested and was granted a permit from DCWASA to perform certain work to domestic water lines under DCWASA authority along 17th Street, NW, Washington, D.C.

7. That , DCWASA retained control of all valves and fittings and controlled water flow throughout the system to be modified by the above-referenced work.

8. That, Grunley-Walsh, hired Cherry Hill Construction, Inc., the employer of Plaintiffs' decedent, Joseph Hudert, as a subcontractor to excavate and

perform other services in connection with the aforementioned contracts.

9. That Joseph Hudert sustained fatal injuries, including horrific burns, as a result of an incident that occurred on April 23, 2004 at approximately 8:45 a.m., at a construction site at or near 808 17th Street, NW, Washington, D.C. 20006.

10. That Joseph Hudert died on May 3, 2004, as a result of profound injuries including sepsis, thermal body burns and scalding, all of which occurred on April 23, 2004.

11. That all times material hereto, Defendants, acting through their agents, servants and/or employees, who were acting within the scope and in the course of their agency and employment, had the duty to know, observe, enforce and implement various rules and regulations promulgated by OSHA and/or the District of Columbia and/or contained in various applicable contracts pursuant to which they should have provided Joseph Hudert with a "safe place to work."

12. Consolidated Engineering Services, Inc. (hereinafter, "CES") is incorporated in the State of Virginia with its principal place of business at 320 23rd Street South, Suite 100, Arlington, Virginia 22202, and does substantial business in the District of Columbia.

13. That, CES was contracted in 2002 to provide maintenance and repair services for the GSA Steam Distribution Tunnels, Washington, D.C., including but not limited to, preventive maintenance, repairs and replacement of mechanical systems and equipment in the manholes, vaults, tunnels, sumps, and building steam stations operated by the Heating Operation and Transmission District, Steam Distribution Complex.

14. That, the scope of the contract with CES included the entire Steam Distribution Complex consisting of seven (7) miles of tunnels and five (5) miles of direct buried pipelines, supplying 250 psi saturated, 406 °F steam to government buildings and

monuments in the Washington, D.C. area.

15.  That, the contracted services were very broad but included, in particular, that CES tour and inspect all portions of the Steam Distribution Complex, and for all deficiencies to be noted and scheduled for repair or replacement, including but not limited to, the function and structural integrity of all components.

16.  That, with regard to repairs and replacements, CES was to give "Urgent Priority" to items that present a hazard or danger to HOTD personnel, contractor personnel or the public.

17.  It is believed that Day & Zimmermann Services, Inc., hereafter "Day & Zimmermann" is incorporated in the State of Maryland with its principal place of business in Baltimore, Maryland 21202, and does substantial business in the District of Columbia.

18.  That, Day & Zimmermann Services, Inc. was contracted for a period of time in 2003 and 2004 to provide maintenance and repair services for the GSA Steam Distribution Tunnels, Washington, D.C., including but not limited to, preventive maintenance, repairs and replacement of mechanical systems and equipment in the manholes, vaults, tunnels, sumps, and building steam stations operated by the heating Operation and Transmission District, Steam Distribution Complex.

19.  That, the scope of the contract with Day & Zimmermann Services, Inc. included the entire Steam Distribution Complex consisting of seven (7) miles of tunnels and five (5) miles of direct buried pipelines, supplying 250 psi saturated, 406 °F steam to government buildings and monuments in the Washington, D.C. area.

20.  That, the contracted services were very broad but included, in particular, that Day & Zimmermann Services, Inc. tour and inspect all portions of the Steam Distribution

Complex, and for all deficiencies to be noted and scheduled for repair or replacement, including but not limited to, the function and structural integrity of all components.

21. That, with regard to repairs and replacements, Day & Zimmermann Services, Inc. were to give "Urgent Priority" to items that presented a hazard or danger to HOTD personnel, contractor personnel or the public.

22. That, Defendant, Day & Zimmermann Services, Inc. is a corporation incorporated under the laws of the State of Maryland.

23. That, pursuant to contracts with GSA, Day & Zimmermann Services, Inc. was contracted to provide maintenance and repair services for the GSA Steam Distribution Tunnels, Washington, D.C.

24. That upon information and belief, the death and suffering of Decedent, Joseph Hudert, was caused by actions and/or failures to act of the Defendants, including, but not limited to, the following:

   A. Failure to properly monitor the job site to anticipate, prevent and/or avoid any unsafe conditions such as the conditions which caused the injuries and death to Joseph Hudert;

   B. Failure to properly monitor and observe the job site for compliance with all appropriate safety rules and regulations as required by all applicable and pertinent contract documents and/or OSHA regulations and/or laws and codes of the District of Columbia;

   C. Failure to assure an appropriate training program on the job site;

   D. Failure to assure a proper warning program on the job site;

   E. Failure to take all necessary steps to assure that the area in or near manhole 11 was safe for access by personnel working on the job, including but not limited

to, Joseph Hudert.

  F. Failure to assure that appropriate steps were taken to shut down all appropriate water and steam lines to provide a safe place to work for Joseph Hudert and other individuals working at or near manhole 11;

  G. Failure to take all appropriate steps to assure that conditions within manhole 11 were safe;

  H. Failure to perform an appropriate job hazard analysis and/or job safety analysis which, had they been performed, would have prevented the injuries and death of Joseph Hudert;

  I. Failure to implement and enforce an appropriate confined space entry program;

  J. Failure to implement and enforce an appropriate site-specific safety program;

  K. Failure to arrange and/or request an appropriate steam outage in manhole 11 which would have prevented the injuries and death of Joseph Hudert;

  L. Failure to properly instruct and/or warn Joseph Hudert that the area around manhole 11 was unsafe and dangerous;

  M. Negligently and carelessly causing the opening of the steam service valve in manhole 11 which provided steam to the New Executive Office Building.

  N. Negligently repairing and replacing components of the steam and condensation lines and/or failing to communicate the need to immediately repair and replace the dangerous and hazardous components that they did not repair or replace but which they worked in close proximity to, and observed said conditions.

  O. Negligently releasing the 20 inch water line for work without determining that

water flow was shut off, and at a location substantially different than where agreed to by those performing the work. As a result, large quantities of water were released.

25. That Defendants had a duty to exercise control and direction over the job site and the injuries and death of Joseph Hudert would not have occurred absent their negligent actions and failures to act.

26. That as a direct result of the aforesaid negligence, Joseph Hudert died on May 3, 2004.

27. Subject matter jurisdiction is founded on the existence of a federal question under 28 U.S.C. § 1331, as the claims against the United States of America arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671.

28. That Standard Form 95, Claim for Damage, Injury, or Death was submitted to the United States General Services Administration on behalf of all Plaintiffs.

29. That counsel for the Plaintiffs were notified by letter, dated November 4, 2005, that the claims were denied by the United States General Services Administration.

30. That pursuant to 28 U.S.C. § 2401 this Complaint has been filed naming the United States of America as a Defendant, before the expiration of the six months after the date of the final denial of the claim.

31. That Defendant, USA, owned, designed, operated, and maintained the steam system running under 17th Street, NW, Washington, D.C., that was subject to various construction contracts among and between the various defendants.

32. That Defendant, USA, controlled the performance of contractors, and day-to-day operations of the steam system at issue.

33. That portions of the steam system failed to meet applicable life, safety,

building and/or construction codes.

34. That components of the steam system, including a field fabricated drip leg was found to have failed causing a steam explosion.

### COUNT I - SURVIVAL ACTION

35. That Plaintiff, Margaret Ann Hudert, as Personal Representative of the Estate of Joseph Hudert, hereby incorporates by reference the allegations contained in Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. That as a direct and proximate result of the various actions and failures to act of Defendants as described above, Joseph Hudert sustained serious bodily injuries, suffered great pain of body and mind, suffered mental and emotional distress, was required to spend great sums of money for medical care, treatment and related items, suffered loss of income and earning capacity and, as a result of his death, the Estate of Joseph Hudert incurred expenses for his funeral and burial and other miscellaneous expenses.

37. That the accident and injuries resulting to Joseph Hudert were caused by the negligence and want of due care on the part of Defendants with no negligence on the part of Decedent, Joseph Hudert, thereunto contributing.

**WHEREFORE,** Plaintiff, Margaret Ann Hudert as Personal Representative of the Estate of Joseph Hudert, demands judgment against Defendants, USA, Consolidated Engineering Services, Inc., and Day & Zimmermann Services, Inc., jointly and severally, in the sum of $20,000,000.00, plus interest, costs and such other and further relief as this Court may deem necessary and proper.

### COUNT II - WRONGFUL DEATH ACTION
### FOR MARGARET ANN HUDERT

38. That Plaintiff, Margaret Ann Hudert, as Personal Representative of the Estate of Joseph Hudert, hereby incorporates by reference the allegations contained in Paragraphs 1 through 37 of the Complaint, as if fully set forth herein.

39. That Plaintiff, Margaret Ann Hudert is the wife and primary beneficiary of Joseph Hudert and his surviving heir and proper beneficiary of the Decedent.

40. That Joseph Hudert died on May 3, 2004 as a result of the negligence and carelessness of the Defendants. As a direct and proximate result of Defendants' negligence in causing the death of Joseph Hudert, Plaintiff, Margaret Ann Hudert, sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, loss of filial care, attention, advice, counsel, training, guidance and other miscellaneous expenses.

**WHEREFORE,** Plaintiff, Margaret Ann Hudert, as a primary beneficiary of Joseph Hudert, demands judgment against Defendants, USA, Consolidated Engineering Services, Inc., and Day & Zimmermann Services, Inc., jointly and severally, in the sum of $20,000,000.00 plus interest, cost and such other and further relief as this Court may deem necessary and proper.

### COUNT III - WRONGFUL DEATH ACTION FOR ELIZABETH HUDERT

41. That Plaintiff, Elizabeth Hudert, as a primary beneficiary of the Estate of Joseph Hudert, hereby incorporates by reference the allegations contained in Paragraphs 1 through 40 of the Complaint, as if fully set forth herein.

42. That Plaintiff, Elizabeth Hudert, is a primary beneficiary in this action and

was the natural born child of Decedent, Joseph Hudert.

43.   That as a direct and proximate result of Defendants' negligence in causing the death of Joseph Hudert, Plaintiff, Elizabeth Hudert, sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, loss of filial care, attention, advice, counseling, training, guidance and other miscellaneous expenses.

**WHEREFORE,** Plaintiff, Elizabeth Hudert, as a Primary Beneficiary of the Estate of Joseph Hudert, demands judgment against Defendants, USA, Consolidated Engineering Services, Inc., and Day & Zimmermann Services, Inc., jointly and severally, in the sum of $20,000,000.00, plus interest, costs and such other and further relief as this Court may deem necessary and proper.

### COUNT IV - WRONGFUL DEATH ACTION
### FOR ANTHONY J. HUDERT

44.   That Plaintiff Anthony J. Hudert as Primary Beneficiary of the Estate of Joseph Hudert, hereby incorporates by reference the allegations contained in Paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

45.   That Plaintiff Anthony Joseph Hudert is a primary beneficiary and natural born child of Decedent, Joseph Hudert.

46.   That as a direct and proximate result of Defendants' negligence in causing the death of Joseph Hudert, Plaintiff Anthony J. Hudert sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, parental care, loss of filial care, attention, advice, counsel, training, guidance and other miscellaneous expenses.

**WHEREFORE,** Plaintiff Anthony Joseph Hudert demands judgment against Defendants, USA, Consolidated Engineering Services, Inc., and Day & Zimmermann Services, Inc., jointly and severally, in the sum of $20,000,000.00 plus interest, costs and such other and further relief as this Court may deem necessary and proper.

Respectfully submitted,

   /S/
RONALD S. LANDSMAN, ESQUIRE
(Bar No. 426091)
MICHAEL H. BURGOYNE, ESQUIRE
(Bar No. 439610)
The Sophmar Building
Six East Mulberry Street
Baltimore, Maryland 21202
(410) 752-4220
Attorneys for Plaintiffs


   /S/
SAMUEL J. PACE, JR., ESQUIRE
Dugan Brinkmann Maginnis and Pace
1880 John F. Kennedy Boulevard, Suite 1400
Philadelphia, Pennsylvania  19103
(215) 563-3500
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____19th_____ day of April, 2007, a copy of the foregoing Amended Complaint and Request for Jury Trial was electronically filed and copies e-mailed to:

John F. Henault, Esquire
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.   20530

AND, copies were mailed first class, postage prepaid on this __19th__ day of April, 2007, to the following:

Consolidated Engineering Services, Inc.
s/o Corporation Service Company
1090 Vermont Avenue
Washington, D.C.   20005

Day & Zimmermann Group Services, Inc.
s/o The Corporation Trust, Inc.
300 East Lombard Street
Baltimore, Maryland   21202


    /S/
RONALD S. LANDSMAN, ESQUIRE
The Sophmar Building
Six East Mulberry Street
Baltimore, Maryland 21202
(410) 752-4220
Attorney for Plaintiffs


    /S/
SAMUEL J. PACE, JR., ESQUIRE
Dugan Brinkmann Maginnis and Pace
1880 John F. Kennedy Boulevard, Suite 1400
Philadelphia, Pennsylvania  19103
(215) 563-3500
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARGARET ANN HUDERT, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH HUDERT, et al.** | * | |
| | * | |
| PLAINTIFFS | * | |
| vs. | * | |
| **UNITED STATES OF AMERICA** | * | |
| and | * | |
| **CONSOLIDATED ENGINEERING SERVICES, INC.** | * | |
| Serve On: Corporation Service Company 1090 Vermont Avenue Washington, D. C. 20005 | * | Case No.: 06-0834-RBW |
| | * | |
| and | | |
| | * | |
| **DAY & ZIMMERMANN GROUP SERVICES, INC.** | * | |
| Serve On: The Corporation Trust, Inc. 300 East Lombard Street Baltimore, Maryland 21202 | * | |
| | * | |
| DEFENDANTS | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

<u>**REQUEST FOR JURY TRIAL**</u>

Clerk:

    Plaintiffs requests that the above case be tried before a jury.

                                 Respectfully submitted,

                                                /S/
RONALD S. LANDSMAN, ESQUIRE
The Sophmar Building
Six East Mulberry Street
Baltimore, Maryland 21202
(410) 752-4220
Attorney for Plaintiffs


                                                /S/
SAMUEL J. PACE, JR., ESQUIRE
Dugan Brinkmann Maginnis and Pace
1880 John F. Kennedy Boulevard, Suite 1400
Philadelphia, Pennsylvania  19103
(215) 563-3500
Attorney for Plaintiffs