UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET ANN HUDERT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al. )<br>)<br>Defendants. )<br>) | Civil Action No. 1:06-cv-00834<br>(RBW) |

### DEFENDANT CONSOLIDATED ENGINEERING SERVICES, INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

COMES NOW Defendant, Consolidated Engineering Services, Inc., (hereinafter "CES") by and through the undersigned counsel, pursuant to F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 56, and submits the following memorandum in support of its Motion to Dismiss and/or for Summary Judgment to Plaintiffs' First Amended Complaint.

### I.   INTRODUCTION

This case arises out of efforts that were taken to repair the underground steam distribution complex ("SDC") in the vicinity of 17th Street, N.W., Washington, D.C. in April 2004. Several of the previously named defendants were alleged to have been contracted to perform work at the location of 808 17th Street, N.W. on or about April 23, 2004, the date on which it is alleged Joseph Hudert was injured. Plaintiffs' First Amended Complaint was served in June 2007 naming, for the first time, CES as a defendant in this action. This responsive pleading is timely filed in response to the First Amended Complaint.

## II.   FACTS ALLEGED IN THE AMENDED COMPLAINT

The pertinent facts alleged against CES are as follows:

*Paragraphs 13 & 14:* It is alleged that CES was contracted to perform maintenance and repair services to the SDC tunnels, including, but not limited to preventative maintenance, repairs and replacement of the mechanical system and equipment consisting of seven miles of tunnels and five miles of buried pipelines.

*Paragraphs 15 & 16:* It is alleged that CES was to tour and inspect the SDC for deficiencies to be noted for scheduled repair and that CES was given "Urgent Priority" to systems that present a hazard to personnel, contractors and the public.

*Paragraphs 9 & 10:*   It is alleged in this paragraph that Joseph Hudert died on May 3, 2004 as a result of injuries sustained on or about April 23, 2004.

*Paragraph 24:* The Plaintiffs allege there was a failure to properly monitor the job sites as to safety and safety regulations and to otherwise provide for or take all appropriate steps to ensure that the conditions were safe for those working in or around manhole 11 that day.

## III.   SUMMARY OF ARGUMENT

As set forth in the affidavit of CES's Director of Operations, Richard Small, the allegations contained in paragraphs 13, 14, 15 and 16 are clearly and factually erroneous. *See generally*, Richard Small Affidavit filed in a companion case, attached hereto as Exhibit A. As explained by Mr. Small, CES did not assume any preventative maintenance, inspection, repair or other duties regarding the SDC, under a contract with GSA, until August 30, 2004, several months after Joseph Hudert sustained his alleged injuries. Furthermore, co-defendant Day and Zimmerman Services, Inc. was the first

2

contractor to have been delegated by GSA, through a negotiated contract, to perform maintenance, inspection and repair responsibilities of the steam tunnels. Theretofore, it had been a function fully and completely performed by GSA itself.

Counts II, III and IV of Plaintiffs' First Amended Complaint involve wrongful death claims based upon District of Columbia's Wrongful Death Act, D.C. Code § 16-2701 *et seq.* This statute clearly provides a one-year statute of limitations. *See* D.C. Code § 16-2702. As CES was not named in this action as a defendant until well after the statute had run, Plaintiffs have failed to allege a viable cause of action against CES in Counts II, III and IV.

### IV.   ARGUMENT: THERE IS NO FACT IN DISPUTE THAT CES HAD ANY INSPECTION OR MAINTANCNCE RESPOSIBILITIES IN OR ABOUT MANHOLE ON APRIL 23, 2004.

Summary Judgment, pursuant to F.R.CIV.P.56, is appropriate where there are no "genuine issue[s] of material fact, and, viewing the evidence in the light most favorable to the nonmoving party, the movant is entitled to prevail as a matter of law." *Nelson v. American National Red Cross,* 26 F.3d 193, 196 (D.C. Cir. 1994); *citing Beckett v. Air Line Pilots Assoc.,* 995 F.2d 280, 284 (D.C. Cir. 1993). It is well-settled that F.R.Civ.P. Rule 56(c) permits the parties to support, or oppose, a motion for summary judgment with specified materials, "including extrinsic matter presented by affidavit." *Hollis v. U.S. Dept. of the Army,* 856 F.2d 1541, 1543 (D.C. Cir. 1988). After reviewing the supporting affidavits, or other extrinsic evidence, the moving party is entitled to judgment as a matter of law upon a demonstration that there is no material fact at issue. *Hollis* at 1543. Examining the evidence presented in this Motion and Memorandum, along with

the attached exhibits, in a light most favorable to Plaintiffs, does not change the undeniable fact that CES is entitled to judgment as a matter of law.

Plaintiffs' allege in Paragraph 9 and 10 of their First Amended Complaint that Joseph Hudert's injuries were sustained on April 23, 2004. It is alleged in paragraph 13 of the First Amended Complaint that CES was contracted to perform maintenance and repair services for SDC. However, and as fully set forth in the Affidavit of Richard Small attached hereto as Exhibit A, CES did not assume, nor was it contracted to perform any type of preventative maintenance, inspection, repair or replacement for the SDC, and specifically for manhole 11, at anytime prior to August 30, 2004. Exhibit 1 attached to the Affidavit of Mr. Small also expressly provided that the GSA contract to provide certain maintenance, inspection and repairs of/to the SDC did not become effective for CES until August 30, 2004.

It beggars credulity that CES could be responsible for an accident that occurred several months prior to it having any contractual, or any other, responsibility for the SDC or the location or cause of Joseph Hudert's alleged injuries. Consequently, and in light of the fact that the extrinsic evidence attached hereto undeniably demonstrates that CES was not involved in the maintenance, repair or inspection of the SDC at the time of Joseph Hudert's alleged injuries, CES is entitled to judgment as a matter of law as to all of the counts stated against it in the Plaintiff's First Amended Complaint.

## V.    ARGUMENT: APPLICATION OF THE WRONGFUL DEATH STATUTE

When ruling on a defendant's motion to dismiss a complaint, for failure to state a claim upon which relief may be granted pursuant to F.R.Civ.P. 12(b)(6), the motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C. Cir. 2000) (citations omitted). In so ruling, the complaint will be liberally construed as to Rule 12(b)(6) motions. *See Warren v. District of Columbia,* 353 F.3d 36, 37 (D.C. Cir. 2004). The Court will accept as true all factual allegations in the complaint, and give plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Atchinson v. District of Columbia,* 73 F.3d 418, 422 (D.C. Cir. 1996). If the instant First Amended Complaint is examined in the light of most favorable to the Plaintiffs, and if each of the Plaintiffs' allegations is taken as true and accurate, the fact remains that there is no relief available to Plaintiffs as alleged in their First Amended Complaint.

As clearly set forth above, Plaintiffs are seeking recovery pursuant to the District of Columbia's Wrongful Death Act, D.C. Code § 16-2701, *et seq.* to which a one-year statute of limitations attaches. *See* D.C. Code § 16-2702; *see also Wilson v. Johns-Manville Sales Corp.,* 684 F. 2d 111, 114, fn. 15 (D.C. Cir. 1982)(confirming that wrongful death actions must be brought within one year after the death of the person injured). Paragraph 10 of Plaintiffs' Amended Complaint alleges Joseph Hudert died on May 3, 2004 as a result of injuries sustained on or about April 23, 2004. Plaintiffs did not include CES as a defendant in this action until the issuance of a Summons, accompanied by the Amended Complaint in April 2007 – nearly two (2) years after the applicable state of limitations had already expired. As CES was not named in this action as a defendant until well after the statute had run, Plaintiffs have failed to allege a viable cause of action against CES in its First Amended Complaint, and as a result, these Counts must be dismissed against CES.

## VI. CONCLUSION

Plaintiffs' First Amended Complaint fails to allege any count against Defendant CES that is sustainable at law. The entire case is ripe for summary judgment as CES has unequivocally demonstrated that its contract to provide service at the location of Joseph Hudert's alleged injuries did not take effect until months after said injuries occurred. Moreover, the claims that involve wrongful death are barred by the one-year statute of limitations provided by D.C. Code § 16-2702 and should be dismissed as to CES.

Respectfully Submitted,

Consolidated Engineering Services, Inc.

By:   /s/ Sean C.E. McDonough
         Counsel

David D. Hudgins (DC Bar #362451)
dhudgins@hudginslawfirm.com
Sean C.E. McDonough (DC Bar #438599)
smcdonough@hudginslawfirm.com
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300 tel
(703) 739-3700 fax
Counsel for Consolidated Engineering Services, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via electronic filing this 14th day of June 2007 to:

**Michael H. Burgoyne**
**Ronald S. Landsman**
LANDSMAN, BURGOYNE & RONALD
The Sophmar Building
Six East Mulberry Street
Baltimore, MD 21202
(410) 752-4220
Fax: (410) 752-4046
Email: mhboffice@burgoynelaw.com
Email: ron@landsmanlaw.com
*Counsel for plaintiff Margaret Ann Hudert
Personal representative of the estate of
Joseph Hudert*

**Mary Malloy Dimaio**
MAHER & ASSOCIATES
Nottingham Center, Suite 410
502 Washington Avenue
Towson, MD 21204
Email: mary.dimaio@aig.com
*Counsel for Day & Zimmerman*

**John F. Henault, Jr.**
UNITED STATES ATTORNEY'S
OFFICE FOR D.C.
555 Fourth Street, NW
Washington, DC 20530
(202) 307-1249
Fax: (202) 514-8780
Email: john.henault@usdoj.gov
*Counsel for United States of America*

/s/ Sean C.E. McDonough
Counsel