UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARET ANN HUDERT,  :
Personal Representative of the  :
Estate of JOSEPH HUDERT, et al.:     CIVIL ACTION
      Plaintiffs  :
                          :     NO. 06-834 (RBW)
v.  :
   :
UNITED STATES OF AMERCIA, et al.:
      Defendants  :

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO THE MOTION TO DISMISS OR FOR
SUMMARY JUDGMENT OF DEFENDANT,
CONSOLIDATED ENGINEERING SERVICES, INC.**

NOW COME Plaintiffs, by their attorneys, Ronald S. Landsman, Esquire, Michael H. Burgoyne, Esquire, and Samuel J. Pace, Jr., Esquire, and file this Opposition to the Motion to Dismiss or for Summary Judgment of Defendant, Consolidated Engineering Services, Inc., and submit the following memorandum in opposition to the Motion.

**I.     Introduction and Statement of Facts**

This case arises from the catastrophic injuries, and ultimate death of husband and father, Joseph Hudert. On April 23, 2004 at a construction site for the new Executive Office Building, near 808 17th Street, N.W., Mr. Hudert sustained thermal body burns and scalding, which resulted in sepsis, and his death on May 3, 2004.

Plaintiffs filed a First Amended Complaint adding Consolidated Engineering Services, Inc. (hereinafter "Consolidated") and Day & Zimmermann Group Services, Inc. on April 19, 2007 in the above-captioned case. At the time of filing the First Amended Complaint, the Court

had not ruled upon the Consent Motions for Leave to File Third and Fourth Amended Complaints that had been filed in case number 1:05-cv-545 on April 1, 2007 and April 19, 2007, respectively. This Court granted the Consent Motion for Leave to file the Fourth Amended Complaint on April 27, 2007 in case number 1:05-cv-545, thereby including Defendant Consolidated as a party to that case. Defendant Consolidated filed a Motion to Dismiss and/or Summary Judgment in response to the Fourth Amended Complaint on May 17, 2007. The basis for Consolidated Motion is identical to the one filed in the instant case.

Plaintiffs have been taking steps to secure an order permitting discovery since March 29, 2006 when Plaintiffs filed a "Motion for Discovery Seeking an Order for a Scheduling Conference" in case number 1:05-cv-545. Defendants M&M Welding & Fabricators, Inc and District of Columbia Water & Sewer Authority, filed a Motion for Protective Order which was granted by the Court on March 15, 2007 ordering that all discovery was stayed until a Scheduling Order could be issued.

## II. No Discovery Has Been Permitted as to Consolidated's Motion

In support of its motion to dismiss, which must be considered a motion for summary judgment pursuant to F.R.C.P. 12(b) as

> If on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief may be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to reach such a motion by Rule 56.

*Id.*

Consolidated supports its motion with the affidavit of its Director of Operations, Richard Small, who asserts that the allegations in the complaint against Consolidated are factually

erroneous, as Consolidated did not begin its work in the area until August 2004, after Mr. Hudert sustained his injuries. Here, plaintiffs have submitted the affidavit of counsel, which identifies the contract upon which plaintiffs' claims are based, but more importantly, states that no discovery has been taken as a result of the refusal to conduct discovery by the General Services Administration.

### III.   Rule 56 Requires That Consolidated's Motion Be Denied As to the Survival Action

Pursuant to F.R.C.P. 56(f), a party opposing a motion for summary judgment may file an affidavit indicating the reasons why a party is unable to present facts to justify the party's opposition. In addition, Rule 56(f) permit the Court to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had...." The party must have a "fair opportunity to fill the evidentiary gap ...." *Good News Club v. Milford Central School*, 533 U.S. 98, 129, 121 S. Ct. 2093, 2112, 150 L. Ed.2d 151 (Breyer, J. concurring) (2001); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, n. 5, 106 S. Ct. 2505, 2511, 91 L. Ed.2d 202 (1986) (there must be an opportunity for discovery).

Most recently in *Colbert v. Potter*, 471 F.3d 158, 168 (D.C. Cir. 2006), the Court of Appeals admonished:

> We have previously held that a trial court abuses its discretion when it "fail[s] to comply with the procedures set forth in the Federal Rules of Civil Procedure" by considering materials outside of the pleadings "without converting the proceeding to a Rule 56 proceeding and permitting [the nonmoving party] to either conduct discovery or come forward with additional evidence."

(Citation omitted). And this Court has recognized that a motion for summary judgment may not be ruled upon absent the opportunity for discovery.

> Courts may "deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." ... The party seeking discovery [under Rule 56(f) ] bears the burden of identifying the facts to be discovered that would create a triable issue and why the party cannot produce those facts in opposition to the motion."

*Scarborough v. Harvey*, 2007 Westlaw 1721962 (D.D.C. 2007) (citations omitted).

Plaintiffs' claims against Consolidated are based upon its agreement with the GSA dated March 21, 2002, prior to Mr. Hudert's death[1]. This is in contrast to the affidavit of Mr. Small, which states that he has no knowledge of any contract prior to Mr. Hudert's April 2004 injuries or May 2004 death[2] because the effective date of the contract is August 30, 2004. However, it should be noted that the effective date of the modification may be August 30, 2004, but the contract date remains March 2002.[3]

In addition, there was a work order attached to this contract identifying the work location as "17th at NEOB (S of H)," which indicates that the date the work was scheduled was December

---

1 Affidavit of Plaintiffs' counsel, Samuel Pace, Esquire, attached as Exhibit No. 1.

2 Affidavit at ¶ 9.

3 That each modification has a separate effective date is shown by another amendment to the 2002 contract, this one with an effective date of March 1, 2005. *See* Exhibit 2.

28, 2003 with a due date of January 12, 2005.[4] The fact that Consolidated was permitted to commence work on December 28, 2003 four months prior to Mr. Hudert's injuries suggests that Consolidated participated in the maintenance or repair of the steam distribution system that caused Mr. Hudert's injuries and death prior to his death. At the very least, plaintiffs are entitled to discovery on these issues.

On March 15, 2007, this Court entered a protective order staying discovery until a scheduling order has been issued in case number 1:05-cv-545. To date, no such scheduling order has been issued. Notwithstanding that plaintiffs' claims against Consolidated are based upon an agreement with the GSA, and GSA's records will help to resolve the scope and extent of Consolidated's potential liability, the GSA has refused to provide discovery to plaintiffs as to Consolidated to permit the plaintiffs to carefully and completely oppose this motion. This is yet another reason why Consolidated's motion for summary judgment must be denied until plaintiffs have been permitted to take discovery regarding the scope and extent of Consolidated's work at the job site where Mr. Hudert was injured.

### IV.     The Wrongful Death Claim

Plaintiffs concede that an action asserting a claim for wrongful death must be brought within one year of the decedent's death pursuant to D.C. Code § 16-2702. As. Mr. Hudert died on May 2, 2004, and the first summons issued as to Consolidated was issued on April 27, 2007, more than one year after his death, the statute has expired, and plaintiffs do not oppose defendant's motion as to their wrongful death claim.

### V.     Conclusion

---

4 This work order is attached as Exhibit 3.

For the reasons stated herein, plaintiffs respectfully request that this Court deny Consolidated's motion as to those claims that hinge upon the scope and extent of Consolidated's work at the job site where Mr. Hudert was injured. There was a 2002 contract, a period more than two years prior to his death, and there is other evidence of work performed by Consolidated at the site from December 2003, also prior to the date of injury. As plaintiffs have been unable to obtain any discovery from the GSA or Consolidated, plaintiffs' claims should not be dismissed. As to the wrongful death claims, however, plaintiffs agree that such claims are time barred.

It should be noted that plaintiffs have been prevented from conducting any meaningful discovery for over two years and one-half years since the filing of the original Complaint on December 17, 2004 in case number 1:05-cv-545 because of the pending orders.

Plaintiffs respectfully request that the Court deny the Motion of Consolidated and schedule a status conference/scheduling conference and/or issue a scheduling order so that discovery can begin.

WHEREFORE, Plaintiffs respectfully request that the Motion of Consolidated Engineering Services, Inc. be DENIED and a Status/Scheduling Conference shall be scheduled as soon as practical and a Scheduling Order issue.

Respectfully submitted,

_____/S/_____
**RONALD S. LANDSMAN**

                                (Bar No. 426091)
                                **MICHAEL H. BURGOYNE**
                                (Bar No. 439610)
                                The Sophmar Building
                                Six East Mulberry Street
                                Baltimore, Maryland 21202
                                410-752-4220
                                Attorney for Plaintiffs


                                _____/S/_____
                                **SAMUEL J. PACE, JR.**
                                Dugan, Brinkmann, Maginnis and Pace
                                1880 JFK Boulevard
                                Suite 1400
                                Philadelphia, Pennsylvania 19103
                                (215) 563-3500

James Jordan, Esquire
Jordan, Coyne & Savits
1100 Connecticut Avenue, NW
Suite 600
Washington, D.C. 20036
Attorneys for Defendant, Grunley-Walsh Joint Venture

Anthony B. Taddeo, Jr., Esquire
LeClair Ryan
A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23218-2499
Attorneys for Defendant, Cherry Hill Construction, Inc.

Thomas Patrick Ryan, Esquire
McCarthy Wilson
100 South Washington Street
Rockville, Maryland 20850
Attorneys for Defendant, M&M Welding and Fabricators, Inc.

Frederick Douglas, Esquire
Douglas & Boykin, PLLC
1401 I Street, NW
Suite 310
Washington, D.C. 20005

Attorneys for Defendant, District of Columbia Water and Sewer Authority

Joseph L. Beavers, Esquire
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, Maryland 21202
Attorneys for Defendant, Alion Science and Technology Corp.

John F. Henault, Jr., Esquire
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Attorneys for Defendant, The United States Government