UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET ANN HUDERT, et. al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 05-545 (RBW) |
| ALION SCIENCE & TECH. CORP., et. al., | ) |
| Defendants, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, et. al., | ) |
| Third-Party Defendants. | ) |

**MEMORANDUM OPINION**

The plaintiffs initially filed this action in the Superior Court of the District of Columbia for the alleged wrongful death of their husband and father, Joseph Hudert. The decedent died from injuries sustained on May 3, 2004, caused by a steam and water burst that occurred at the construction site where he was employed. Fourth Amended Complaint ("Am. Compl.") ¶¶ 28, 29. The plaintiffs filed this action against defendants Grunley-Walsh Joint Venture LLC ("Grunley-Walsh") and Alion Science & Technology Corp. ("Alion"), alleging that their negligence caused the decedent's fatal injuries. The case was subsequently removed to this Court by the United States of America ("USA"), a third-party defendant, and the plaintiffs filed successive amended complaints. The plaintiffs' Fourth Amended Complaint also names Consolidated Engineering Services, Inc. ("CES") as a defendant, alleging that its negligence

1

contributed to Mr. Hudert's death. Id ¶¶ 17-18, 31. Currently before the Court is Defendant CES's Motion to Dismiss and for Summary Judgment. ("Def.'s Mot.").[1] For the reasons set forth below, CES's motion is granted in part and denied in part.

## I. Background

The plaintiffs in this case are Margaret Hudert, Elizabeth Hudert, and Anthony Hudert, who are all seeking to recover damages for the death of Joseph Hudert. Margaret Hudert is the decedent's wife, and is the personal representative of his estate. Am. Compl. ¶¶ 46-47. Elizabeth Hudert is the daughter of the decedent, id. ¶¶ 49-50, and Anthony Hudert is the decedent's minor son. Id. ¶¶ 52-53. As noted above, on April 23, 2004, the decedent sustained fatal burns at a construction site at or near 808 17th Street, NW, Washington D.C., and died from his injuries on May 2, 2004. Id. ¶¶ 28, 29. The plaintiffs have now filed this action against seven defendants, alleging that each was in some way at fault for Mr. Hudert's death.[2] At the time of Mr. Hudert's death, he was employed by Cherry Hill Construction, Inc. ("Cherry Hill"), id. ¶ 27. Cherry Hill had been hired as a subcontractor by defendant Grunley-Walsh Joint Venture, LLC ("Grunley-Walsh") to perform services pursuant to a contract that Grunley-Walsh had entered into with the United States General Services Administration ("GSA"). Id. Under that contract, Grunley-Walsh was "to replace the steam condensation system running under 17th Street, NW, Washington, D.C." Id. ¶ 10. Cherry Hill was hired as a subcontractor by Grunley-Walsh "to

---

[1] With its motion, CES has filed a Memorandum of Points and Authorities in Support of its Motion to Dismiss and/or for Summary Judgment ("Def.'s Mem."). In response, the plaintiffs have filed a Memorandum of Points and Authorities in Opposition to the Motion to Dismiss or for Summary Judgment of Defendant, Consolidated Engineering Services, Inc. ("Pls.' Mem.).

[2] The defendants are: Alion Science and Technology Corp., Grunley-Walsh Joint Venture, LLC, M&M Welding & Fabricators, Inc., the District of Columbia Water and Sewer Authority, the United States of America, CES, and Day & Zimmerman Group Services, Inc.

excavate and perform other services in connection" with the GSA contract. Id. ¶ 27.

The plaintiffs' Fourth Amended Complaint, filed on April 19, 2007, for the first time named CES as a defendant. Id. at ¶¶ 17, 18, 38. The plaintiffs allege that CES "was contracted in 2002 to provide maintenance and repair services for the GSA Steam Distribution Tunnels . . . , id. ¶18, and thus the "accident and injuries resulting to [Mr.] Hudert were caused by the negligence and want of due care on the part of the defendants." Id. at 45. Defendant CES has moved to dismiss, as to it, Counts II, III, and IV of the Fourth Amended Complaint for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As to Count I of the complaint, the defendant contends that it is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## II. Standards of Review

A.      Rule 12(b)(6) of the Federal Rules of Civil Procedure

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged in the complaint. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). In deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997). A rule 12(b)(6) motion should be granted and claims should be dismissed under this rule if the plaintiff does not provide "enough facts to state a claim of relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___U.S. ___, ___, 127 S.Ct. 1955, 1974 (2007).

    B.        Rule 56 of the Federal Rules of Civil Procedure

On a motion for summary judgment under Federal Rule of Civil Procedure 56(c), this Court must find that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. Bayer v. United States Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992). However, the non-moving party cannot rely on "mere allegations or denials . . ., but . . . must set forth specific facts showing that there [are] genuine issue[s] for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citation omitted). Under Rule 56, "if a party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial" summary judgment is warranted. Hazward v. Runyon, 14 F. Supp. 2d 120, 122 (D.D.C. 1998) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). The party moving for summary judgment bears the burden of establishing the absence of evidence that supports the non-moving party's case. Id.

### III. Analysis

The defendant has two arguments in response to the plaintiffs' complaint: First, that the claims brought under Counts II through IV of the complaint are barred by the applicable statute of limitations, Def.'s Mem. at 5-6; and second, that with regard to Count I, CES owed no duty to Mr. Hudert as it did not assume any contractual duties related to the steam distribution system

until after Mr. Hudert's death.  Id. at 3-5.  The plaintiffs do not oppose and therefore concede that Counts II through IV of the complaint for wrongful death are time barred because "an action asserting a claim for wrongful death must be brought within one year of the decedent's death pursuant to D.C. Code § 16-2702 [2005]."  Pls.' Mem. at 6.  Therefore, since the plaintiffs did not file this action against CES until nearly three years after Mr. Hudert's death, the statute of limitations has run.  Id.  Accordingly, these claims must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

CES requests summary judgment with respect to Count I of the amended complaint, which is a survival claim brought by Mr. Hudert's widow as his personal representative.  Am. Compl. ¶¶ 43-45.  She alleges in this count that the defendant failed to adequately repair and maintain the steam distribution system in the area where Mr. Hudert was working on April 23, 2004, id. at ¶¶ 18-21, 31, a failure the plaintiff alleges that led to his death.  Id. ¶ 31.  CES, on the other hand, claims that it is in no way liable for Mr. Hudert's injuries and ultimate death, since its contractual liability to maintain the steam tunnels and pipelines in the area where Mr. Hudert was working did not take effect until August 30, 2004, over four months after Mr. Hudert sustained the injuries that resulted in his death.  Def.'s Mem. at 4.  In support of this assertion, the defendant has submitted the affidavit of CES employee Richard Small, Def.'s Mem. Ex. 1 (Affidavit of Richard Small dated May 16, 2007) ("Small Aff'd"),[3] and a copy of the contract transferring the maintenance and repair responsibilities for the steam tunnels and pipelines at issue from Day and

---

[3] Mr. Small is currently employed by CES as its Director of Operations.  Def.'s Mem., Ex. 1 ¶ 3 (Small Aff'd).

Zimmerman to CES as of August 30, 2004.  Def.'s Mem., Ex. 1 (Small Aff'd) & Attachment (copy of Amendment of Solicitation/Modification of Contract between GSA and Day & Zimmerman labeled as exhibit 1).  Mr. Small also states in his affidavit that he has no knowledge of any other entity other than Day & Zimmerman that had contractual duties or responsibilities for the repair, maintenance and inspection of the Steam Distribution Complex for the GSA prior to August 30, 2004.  Id. ¶ 8.

In contrast to the representations of Mr. Small, the plaintiff has submitted the affidavit of Samuel J. Pace, Jr., counsel for the plaintiff, along with another copy of an Amendment of Solicitation/Modification of Contract entered into between the GSA and CES indicating an effective contract date of March 1, 2005.  Pls.' Mem. at 4-5, Ex. 1 (Affidavit of Samuel J. Pace, Jr.) & Attachment (copy of Amendment of Solicitation/Modification of Contract between GSA and CES).[4]  Also attached to the amended contract dated March 1, 2005, is a work order identifying "17th at NEOB (S of H)" as the location where the work would be performed.  Id.  Because of the possible contrasting affidavits and evidence, the plaintiffs argue that the defendant's motion must be denied since they have not had an opportunity to conduct discovery on the issue.  Id. at 3-5.  Furthermore, they contend, an adequate opportunity to conduct discovery may show that the defendant had been authorized to do work on the steam distribution system prior to Mr. Hudert's injuries and death.  Pls.' Mem. at 4-5.  Through discovery, the

---

[4]This document appears to exercise the GSA's option to extend the services provided under the contract by an additional year.  Pls.' Mem., Attachment (copy of Amendment of Solicitation/Modification of Contract between GSA and CES).  The document submitted by CES, with an effective date of August 30, 2004, appears to transfer for the first time the duties under the contract from Day & Zimmerman to CES.  Def.'s Mem., Attachment (copy of Amendment of Solicitation/Modification of Contract between GSA and Day & Zimmerman). While the original contract date of March 21, 2002, is identical on both documents, this Court is skeptical of the plaintiffs' assertion that CES had any duties under the contract when it was executed, or on the date when Mr. Hudert sustained his fatal injuries.

plaintiffs hope to show that the dates on the documents they have presented reveal that CES owed a duty to Mr. Hudert on the day he was injured. Id.

The Supreme Court has ruled that Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case . . . ." Celotex, 477 U.S. at 322. The District of Columbia Circuit Court similarly has held that it "has long recognized that a party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary judgment motion and that 'insufficient time or opportunity to engage in discovery' is cause to defer decision on the motion." Khan v. Parsons Global Services, Ltd., 428 F.3d 1079, 1087 (D.C. Cir. 2005) (quoting Martin v. Malhoyt, 830 F.2d 237, 256 (D.C. Cir.1987) (additional citation omitted)). A court must therefore act with great hesitation when entering an order of summary judgment against a party prior to that party having an opportunity to conduct discovery. See Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1995). It is thus this Court's determination that some discovery on the matter at issue must be permitted. CES makes a compelling argument that it was not responsible under the contract for maintaining the tunnels and pipes on the date at issue. However, viewed in the light most favorable to the non-moving party, the defendant's motion for summary judgment on Count I of the amended complaint does not conclusively show that no genuine issue of any material fact exists. Bayer, 956 F.2d at 333. CES, therefore, is not entitled to judgment as a matter of law. Id. In other words, the defendants have not presented enough information to enable this Court to conclusively determine the defendant's responsibility for maintaining the steam tunnels and pipes when Mr. Hudert was injured. That responsibility, and the date when it began, is ultimately a

question of fact, and one that is still in dispute. It is therefore inappropriate to award the defendant summary judgment at this time. Accordingly, the defendant's motion for summary judgement with respect to Count I of the Fourth Amended Complaint is denied without prejudice.

## IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss is granted with respect to Counts II, III, and IV of the Fourth Amended Complaint, and the defendant's motion for summary judgment is denied without prejudice with respect to Count I. Also with respect to Count I, the plaintiffs will be permitted to conduct limited discovery on the issue of CES's responsibility for maintaining the steam tunnels and pipelines in question on April 23, 2004.

SO ORDERED this 30th day of November, 2007.[5]

REGGIE B. WALTON<br>
United States District Judge

---

[5] The Court will issue a separate order consistent with this opinion and addressing the timing for the completion of discovery.