## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET ANN HUDERT, *et. al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>and,<br><br>CONSOLIDATED ENGINEERING SERVICES, INC.,<br><br>and<br><br>DAY & ZIMMERMAN SERVICES, INC.<br><br>  Defendants. | Civil Action No.: 06-00834 (RBW) |

### DEFENDANT DAY & ZIMMERMANN SERVICES, INC.'S OPENING BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Respectfully submitted,

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**


   */s/ Michael T. Hamilton*
Michael T. Hamilton, Esquire (474233)
913 N. Market Street, Ste. 800
Wilmington, DE  19801
*Attorneys for Defendant*
*Day and Zimmerman Services, Inc.*

DATE:  September 5, 2008

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.  INTRODUCTION ..................................................................................... 1

II.  NATURE AND STAGE OF PROCEEDINGS ................................................. 1

III.  STATEMENT OF RELEVANT FACTS
      PER FIRST AMENDED COMPLAINT ………………………………..………. 2

IV.  SUMMARY OF ARGUMENT ……………………………………………………... 3

V.  STANDARD OF REVIEW ………………………………………………………. 3

VI.  ARGUMENT ………………………………………………………………….....… 4

   A.  **Plaintiffs' Wrongful Death Actions are time-barred by operation
       of the statute of limitations** …………………………………………………. 4

   B.  **Although Plaintiff's Survival Action may likewise be time barred,
       D&Z does not seek dismissal at this juncture because discovery into
       the facts underlying Plaintiffs' allegations is necessary**…...…………………. 5

VII.  CONCLUSION ………………………………………………………………… 5

## TABLE OF AUTHORITIES

**CASES**

*Alexis v. District of Columbia*, 44 F. Supp. 2d 331 (D.D.C. 1999) …..………………………… 4

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, (2007) …………….…………………………. 4

*Hudert v. Alion Sci. & Tech. Corp.*, 526 F. Supp. 2d 57 (D.D.C. 2007) ……...………………. 4, 5

*Jung v. Association of American Medical Colleges*, 339 F. Supp. 2d 26, (D.D.C. 2004) ……. 3, 4

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) …………………….….. 4

*Maljack Products, Inc. v. Motion Picture Association of America, Inc.*,
    52 F.3d 373 (D.C. Cir. 1995) ……………………………………………………………. 4

*Maniaci v. Georgetown University*, 510 F. Supp. 2d 50, (D.D.C. 2007) ……………………..… 3

*Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146 (D.D.C. 2007) …………………… 4

*Robinson v. District of Columbia*, 403 F. Supp. 2d 39 (D.D.C. 2005) ………..………………... 3

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ………………………………………………………... 4

*Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, (D.C. Cir. 2000) ……………..……………... 4

*Wilson v. Johns-Manville Sales Corp.*, 684 F.2d 111 (D.C. Cir. 1982) …………………………. 4

**RULES & STATUTES**

Fed. R. Civ. P. 12(c) ……………………………………………………………………………. 3

D.C. Code § 16-2702 …………………………………………………………………………. 4, 5

I. **INTRODUCTION**

Plaintiffs' Complaint arises out of a steam explosion that occurred in the underground Steam Distribution Complex ("SDC") in the vicinity of the New Executive Office Building (NEOB) on 17th Street N.W., Washington, D.C., on April 23, 2004. Various defendants were contracted to perform certain work involving the Steam Distribution Complex (SDC), which is owned and operated by the United States through the General Services Administration. Plaintiffs allege that certain defendants performed utility work in connection with these contracts so as to cause the explosion that fatally injured Joseph Hudert. As more fully described below, Day & Zimmermann Services, Inc., ("D&Z") is alleged to have breached certain duties to inspect and maintain the SDC such that Plaintiffs joined them to this action following a series of amendments to the initial Complaint.

II. **NATURE AND STAGE OF PROCEEDINGS**

On May 4, 2006, Plaintiffs filed their initial Complaint for damages resulting from the subject explosion in this Court naming the United States of America ("United States") as the only defendant. (D.I. 1). Plaintiffs filed their First Amended Complaint in this court on April 19, 2007 naming, for the first time, D&Z and Consolidated Engineering Services, Inc. ("CES") as defendants (D.I. 12).

On the same day, Plaintiffs sought leave to file a Fourth Amended Complaint in the related action, *Hudert v. Alion Science and Technology, et al.*, C.A. No. 1:05-cv-00545 (RBW), asserting similar claims against D&Z for the first time in that action. The Court granted leave to file the Fourth Amended Complaint in that action on April 27, 2007. Whereas the two actions are now consolidated and the claims identical, the arguments presented herein are presented for the purposes of addressing the claims in both actions.

Plaintiffs' First Amended Complaint alleges three wrongful death claims and one survival claim against D&Z. The bases for the claims are D&Z's alleged negligence and negligence *per se*. On May 16, 2007, D&Z filed its Answer to the First Amended Complaint; (D.I. 18). In it, D&Z affirmatively pleaded that the First Amended Complaint is barred by the applicable statute of limitations. (*Id*., p.4)

**III.   STATEMENT OF RELEVANT FACTS IN FIRST AMENDED COMPLAINT**

Count I of Plaintiff's First Amended Complaint alleges a survival action, which is brought by the personal representative of the Estate of Joseph Hudert. Counts II, III, and IV allege wrongful death actions brought by Margaret Ann Hudert, Elizabeth Hudert and Anthony Hudert. These actions are pursued against all defendants. The Complaint further alleges that Plaintiffs' decedent, Joseph Hudert, died on May 3, 2004 as a result of the alleged negligence. (D.I. 12, par. 26)

The specific allegations against D&Z are set forth in paragraphs 18 through 21 in Plaintiff Plaintiffs' First Amended Complaint. Plaintiffs allege:

- A.  That, Day & Zimmermann Services, Inc. was contracted for a period of time in 2003 and 2004 to provide maintenance and repair services for the GSA Steam Distribution Tunnels, Washington, D.C., including but not limited to, preventive maintenance, repairs and replacement of mechanical systems and equipment in the manholes, vaults, tunnels, sumps, and building steam stations operated by the Heating Operation and Transmission District, Steam Distribution Complex, (D.I. 12, par. 18);

- B.  That, the scope of the contract with Day & Zimmermann Services, Inc. included the entire Steam Distribution Complex consisting of seven (7) miles of tunnels and five (5) miles of direct buried pipelines, supplying 250 psi saturated, 406 °F steam to government buildings and monuments in the Washington, D.C. area., (D.I. 12, par. 19);

- C.  That, the contracted services were very broad but included, in particular, that Day & Zimmermann Services, Inc. tour and inspect all portions of the Steam Distribution Complex, and for all deficiencies to be noted and

        scheduled for repair or replacement, including but not limited to, the function and structural integrity of all components, (D.I. 12, par. 20); and

D.    That, with regard to repairs and replacements, Day & Zimmerman Services, Inc. were to give "Urgent Priority" to items that present a hazard or danger to HOTD personnel, contractor personnel or the public. (D.I. 12, par. 21)

## IV. SUMMARY OF ARGUMENT

As more fully explained below, the statute of limitations controlling wrongful death claims is one year. Whereas Plaintiffs' three wrongful death claims against D&Z are time barred, movant is entitled to judgment on the pleadings at this time.

Although the Estate's survival action is likely time-barred as well, D&Z is not seeking judgment on Count I of the First Amended Complaint at this juncture because discovery into the facts underlying Plaintiffs' allegations must be done. D&Z reserves its argument on Plaintiff's survival claim for a motion for summary judgment should discovery demonstrate that Count I is likewise time-barred.

## V. STANDARD OF REVIEW

After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings. *Fed. R. Civ. P. 12(c)*. "The standard of review for a motion pursuant to Rule 12(c) is essentially the same as that for motions to dismiss pursuant to Rule 12(b)(6)." *Robinson v. District of Columbia*, 403 F. Supp. 2d 39, 47 (D.D.C. 2005) (*citations omitted*). "In evaluating either a Rule 12(c) motion for judgment on the pleadings or a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must not rely on facts outside of the pleadings, must construe the complaint in a light most favorable to the plaintiff, and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Maniaci v. Georgetown University*, 510 F. Supp. 2d 50, 59 (D.D.C. 2007) (*citing Jung v. Association of*

*American Medical Colleges*, 339 F. Supp. 2d 26, 36 (D.D.C. 2004)); *see also Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

However, when ruling on a motion to dismiss, although the well-pleaded factual allegations must be construed in favor of the plaintiff, "the Court need not accept as true the plaintiff's legal conclusions". *Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336-37 (D.D.C. 1999); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *and see Maljack Products, Inc. v. Motion Picture Association of America, Inc.* 52 F.3d 373, 375 (D.C. Cir. 1995). Moreover, mere supposition and bald allegations are insufficient to survive the motion, as the Plaintiff must have provided "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The motion should be granted if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000).

VI.  ARGUMENT

    A.  **Plaintiffs' Wrongful Death Actions are time-barred by operation of the statute of limitations**

Counts II, III, and IV of the First Amended Complaint set forth the three individual plaintiffs' wrongful death claims against D&Z, jointly and severally, pursuant to the District of Columbia's Wrongful Death Act. Pursuant to well-settled District of Columbia law, a wrongful death action must be brought within one year after the death of the person injured. *D.C. Code § 16-2702*. It is likewise well-settled that the 1-year limitations period begins to run on the date of death and bars a plaintiff's recovery where the Plaintiff has failed to bring the action within that year. *Hudert v. Alion Sci. & Tech. Corp.*, 526 F. Supp. 2d 57 (D.D.C. 2007); *Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 160 (D.D.C. 2007), *see also Wilson v. Johns-*

*Manville Sales Corp.*, 684 F.2d 11, 114, fn. 15 (D.C. Cir. 1982), (confirming that wrongful death actions must be brought within one year after the date of death).

Plaintiffs allege that their decedent, Joseph Hudert, died on May 3, 2004 (see D.I. 12, para. 29). Plaintiffs first brought an action against D&Z when they filed their First Amended Complaint in April, 2007. (D.I. 12). Plaintiffs' claims against D&Z were brought on the same day as their claims against CES. (*Id.*). This Court has already addressed this issue and ruled that the wrongful death claims are time barred under these circumstances. *See* 526 F. Supp. 2d at 60. On November 30, 2007, the Court dismissed Plaintiff's wrongful death claims against CES on the basis that the First Amended Complaint was filed well after the one-year limitation's period had expired. (*Id.; See* D.I. 30-31). D&Z submits that for the same reasons, Plaintiffs' wrongful death claims against it are likewise barred by operation of *D.C. Code § 16-2702*. Therefore, Counts II, III and IV should be dismissed as to D&Z.

  **B. Although Plaintiff's Survival Action may likewise be time barred, D&Z does not seek dismissal at this juncture because discovery into the facts underlying Plaintiffs' allegations is necessary**

Count I of Plaintiff's First Amended Complaint alleges a survival claim against D&Z based on D&Z's alleged negligence in the performance of its contract with the GSA. Although movant does not seek dismissal of this Count at this juncture, neither does it concede that the claim is timely as to movant. At this juncture, it appears that discovery is required into certain aspects of Count I, such that the claim is not ripe for disposition. D&Z anticipates that the issue will be in a posture for summary disposition following Plaintiffs' depositions.

**VII. CONCLUSION**

Whereas Plaintiffs' wrongful death claims against D&Z barred by operation of D.C. Code § 16-2702, D&Z is entitled to judgment on the pleadings as to Counts II, III and IV of the

5

{DE116318.1}

First Amended Complaint. Defendant D&Z respectfully requests that the Court DISMISS these claims as to D&Z, with prejudice, by entering attached order as proposed.

Respectfully submitted,

**MARKS, O'NEILL,
O'BRIEN & COURTNEY, P.C.**

*/s/ Michael T. Hamilton*
Michael T. Hamilton, Esquire (474233)
913 N. Market Street, Ste. 800
Wilmington, DE  19801
*Attorneys for Defendant
Day and Zimmerman Services, Inc.*

DATE:  September 5, 2008